UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS X. BERKEMEIER and
JANET G. BERKEMEIER, individually,
for themselves, and in their representative
capacity for all others similar situated,
currently or prospectively,

        Plaintiffs,        CASE NO.:  3:19-cv-12132
                               HON. ROBERT H. CLELAND
v.                      MAG. JUDGE STEPHANIE DAWKINS DAVIS

THE CITY OF JACKSON, MICHIGAN, et al.

        Defendants.

## DEFENDANTS, CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH, AND MARK FISH'S, ANSWER TO PLAINTIFFS' VERIFIED AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, DEMAND FOR TRIAL BY JURY and PROOF OF SERVICE

_____

### DEFENDANTS, CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH, AND MARK FISH'S, ANSWER TO PLAINTIFFS' VERIFIED AMENDED COMPLAINT

**NOW COME** Defendants, **CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH,** by and through their attorneys,

**PLUNKETT COONEY**, and for their Answer to Plaintiffs' Amended Complaint, state as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. In response to the allegations contained in paragraph 1, same are denied as untrue in the form and manner alleged and in fact.

2. In response to the allegations contained in paragraph 2, same are denied as untrue in the form and manner alleged and in fact.

3. In response to the allegations contained in paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

4. In response to the allegations contained in paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

5. In response to the allegations contained in paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

6. In response to the allegations contained in paragraph 6, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

## **AVERMENTS OF FACT COMMON TO ALL COUNTS**

7. In response to the allegations contained in paragraph 7, same are denied as untrue in the form and manner alleged and in fact.

8. In response to the allegations contained in paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

9. In response to the allegations contained in paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

10. In response to the allegations contained in paragraph 10, same are denied as untrue in the form and manner alleged and in fact.

11. In response to the allegations contained in paragraph 11, same are admitted.

12. The statements contained in paragraph 12 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendants rely upon M.C.L. 117.3 *et seq.* in its entirety.

13. In response to the allegations contained in paragraph 13, same are admitted.

14. In response to the allegations contained in paragraph 14, Defendants admit that it adopted the Non-Owner Occupied Residential Property Registry ordinance, Article 14. However, Defendants neither admit nor deny the remainder of the allegations contained in paragraph 14 and rely on the Ordinance in its entirety and leave Plaintiffs to their proofs.

15. The statements contained in paragraph 15 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendants rely upon Article 14 in its entirety, as opposed to selected excerpts taken out of context.

16. In response to the allegations contained in paragraph 16, same are admitted in part, however, Defendants rely upon Article 14 in its entirety.

17. In response to the allegations contained in paragraph 17, same are admitted in part, however, Defendants rely upon Article 14 in it is entirety.

18. In response to the allegations contained in paragraph 18, same are admitted in part, however, Defendants rely upon Article 14 in its entirety.

19. In response to the allegations contained in paragraph 19, same are denied as untrue in the form and manner alleged and in fact.

20. In response to the allegations contained in paragraph 20, same are denied as untrue in the form and manner alleged and in fact.

21. In response to the allegations contained in paragraph 21, same are denied as untrue in the form and manner alleged and in fact.

22. In response to the allegations contained in paragraph 22, same are denied as untrue in the form and manner alleged and in fact.

23. In response to the allegations contained in paragraph 23, same are denied as untrue in the form and manner alleged and in fact.

24. The statements contained in paragraph 24 are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendants deny the violation of any constitutional right or mandate.

25. In response to the allegations contained in paragraph 25, same are denied as untrue in the form and manner alleged and in fact.

26. In response to the allegations contained in paragraph 26, same are denied as untrue in the form and manner alleged and in fact.

27. In response to the allegations contained in paragraph 27, same are denied as untrue in the form and manner alleged and in fact.

28. In response to the allegations contained in paragraph 28, same are denied as untrue in the form and manner alleged and in fact.

29. In response to the allegations contained in paragraph 29, same are denied as untrue in the form and manner alleged and in fact.

30. In response to the allegations contained in paragraph 30, same are admitted.

31. In response to the allegations contained in paragraph 31, it is admitted only that Robinson, Dancy, Pappin, Heck, Alexander and Sullivan were members of the City Council at the time this Amended Complaint was filed. The remainder of the allegations are denied as untrue in the form and manner alleged and in fact.

32. In response to the allegations contained in paragraph 32, it is admitted only that Burtch is the City Manager. The remainder of the allegations are denied as untrue in the form and manner alleged and in fact.

33. In response to the allegations contained in paragraph 33, same are denied as untrue in the form and manner alleged and in fact.

34. In response to the allegations contained in paragraph 34, it is admitted that Defendant Taylor is the Chief Building Inspector, Defendant O'Connor is the City Inspector, and Mark Fish is the City Inspector while Jennifer Morris is the Director of Neighborhood and Economic Operations. It is also admitted the Elmer Hitt is the Director of Police and Fire Services. The remainder of the allegations contained in paragraph 34, are denied as untrue in the form and manner alleged and in fact.

35. In response to the allegations contained in paragraph 35, same are denied as untrue in the form and manner alleged and in fact.

36. In response to the allegations contained in paragraph 36, same are denied as untrue in the form and manner alleged and in fact.

37. In response to the allegations contained in paragraph 37, same are denied as untrue in the form and manner alleged and in fact.

38. In response to the allegations contained in paragraph 38, same are denied as untrue in the form and manner alleged and in fact.

39. In response to the allegations contained in paragraph 39, same are denied as untrue in the form and manner alleged and in fact.

40. In response to the allegations contained in paragraph 40, same are denied as untrue in the form and manner alleged and in fact.

41. In response to the allegations contained in paragraph 41, same are denied as untrue in the form and manner alleged and in fact.

42. In response to the allegations contained in paragraph 42, same are denied as untrue in the form and manner alleged and in fact.

43. In response to the allegations contained in paragraph 43, same are denied as untrue in the form and manner alleged and in fact.

44. In response to the allegations contained in paragraph 44, same are denied as untrue in the form and manner alleged and in fact.

45. In response to the allegations contained in paragraph 45, same are denied as untrue in the form and manner alleged and in fact.

46. In response to the allegations contained in paragraph 46, same are denied as untrue in the form and manner alleged and in fact.

## COUNT I

## FACIAL INVALIDITY OF ORDINANCE UNDER FOURTH AMENDMENT AND STRICT LIABILITY OF DEFENDANT THE CITY OF JACKSON FOR REDRESS UNDER 42 U.S.C. § 1983

## AND
## ACCOUNTABILITY OF INDIVIDUAL DEFENDANTS UNDER 42 U.S.C. § 1983

47. In response to the allegations contained in paragraph 47, same are denied as untrue in the form and manner alleged and in fact.

48. In response to the allegations contained in paragraph 48, same are denied as untrue in the form and manner alleged and in fact.

49. In response to the allegations contained in paragraph 49, same are denied as untrue in the form and manner alleged and in fact.

50. In response to the allegations contained in paragraph 50, same are denied as untrue in the form and manner alleged and in fact.

51. In response to the allegations contained in paragraph 51, same are denied as untrue in the form and manner alleged and in fact.

## COUNT II

**FACIAL INVALIDITY OF ORDINANCE UNDER FIFTH AMENDMENT AND STRICT LIABILITY OF DEFENDANT THE CITY OF JACKSON FOR REDRESS UNDER 42 U.S.C. § 1983**

**AND**

**ACCOUNTABILITY OF INDIVIDUAL DEFENDANTS UNDER 42 U.S.C. § 1983**

52. In response to the allegations contained in paragraph 52, same are denied as untrue in the form and manner alleged and in fact.

53. In response to the allegations contained in paragraph 53, same are denied as untrue in the form and manner alleged and in fact.

54. In response to the allegations contained in paragraph 54, same are denied as untrue in the form and manner alleged and in fact.

55. In response to the allegations contained in paragraph 55, same are denied as untrue in the form and manner alleged and in fact.

56. In response to the allegations contained in paragraph 56, same are denied as untrue in the form and manner alleged and in fact.

## COUNT III

**INDIVIDUAL LIABILITY OF JANE DOE AND JOHN DOE 2 UNDER 42 U.S.C. § 1983 FOR DESTRUCTION OF PROPERTY, UNREASONABLE SEARCHES AND SEIZURES, AND THE DENIAL OF PROCEDURAL DUE PROCESS IN VIOLATION OF CLEARLY ESTABLISHED LEGAL RIGHTS OF PLAINTIFFS**

57. In response to the allegations contained in paragraph 57, same are denied as untrue in the form and manner alleged and in fact.

58. In response to the allegations contained in paragraph 58, same are denied as untrue in the form and manner alleged and in fact.

59. In response to the allegations contained in paragraph 59, same are denied as untrue in the form and manner alleged and in fact.

60. In response to the allegations contained in paragraph 60, same are denied as untrue in the form and manner alleged and in fact.

61. In response to the allegations contained in paragraph 61, same are denied as untrue in the form and manner alleged and in fact.

62. In response to the allegations contained in paragraph 62, same are denied as untrue in the form and manner alleged and in fact.

### COUNT IV

### SPECIFIC ENFORCEMENT OF CITY OF JACKSON CHARTER PROVISION 10.1 – RIGHT TO INITIATIVE

63. In response to the allegations contained in paragraph 63, Defendants rely upon Section 10.1 in its entirety.

64. In response to the allegations contained in paragraph 64, same are denied as untrue in the form and manner alleged and in fact.

65. In response to the allegations contained in paragraph 65, same are denied as untrue in the form and manner alleged and in fact.

66. In response to the allegations contained in paragraph 66, same are denied as untrue in the form and manner alleged and in fact.

67. In response to the allegations contained in paragraph 67, same are denied as untrue in the form and manner alleged and in fact.

68. In response to the allegations contained in paragraph 68, same are denied as untrue in the form and manner alleged and in fact.

69. In response to the allegations contained in paragraph 69, same are denied as untrue in the form and manner alleged and in fact.

### COUNT V

### EQUITABLE RELIEF

70. In response to the allegations contained in paragraph 70, same are denied as untrue in the form and manner alleged and in fact.

71. In response to the allegations contained in paragraph 71, same are denied as untrue in the form and manner alleged and in fact.

72. In response to the allegations contained in paragraph 72, same are denied as untrue in the form and manner alleged and in fact.

73. In response to the allegations contained in paragraph 73, same are denied as untrue in the form and manner alleged and in fact.

74. In response to the allegations contained in paragraph 74, same are denied as untrue in the form and manner alleged and in fact.

75. In response to the allegations contained in paragraph 75, same are denied as untrue in the form and manner alleged and in fact.

76. In response to the allegations contained in paragraph 76, same are denied as untrue in the form and manner alleged and in fact.

## COUNT VI

### DEMAND FOR JUDGMENT AND
### PRAYER FOR SPECIFIC EQUITABLE RELIEF

77. In response to the allegations contained in paragraph 77, same are denied as untrue in the form and manner alleged and in fact.

78. In response to the allegations contained in paragraph 78, same are denied as untrue in the form and manner alleged and in fact.

79. In response to the allegations contained in paragraph 79, same are denied as untrue in the form and manner alleged and in fact.

**WHEREFORE,** Defendants, **CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

        Respectfully submitted,

        **PLUNKETT COONEY**

        By ***/s/Audrey J. Forbush***
            AUDREY J. FORBUSH  (P41744)
            Attorney for Defendants, City of
                Jackson, Burtch, Smith
                and Fish
            Plaza One Financial Center
            111 E. Court Street – Suite 1B
            Flint, MI  48502
            (810) 342-7014
            aforbush@plunkettcooney.com

Dated:  November 19, 2019

## **DEFENDANTS, CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH'S, AFFIRMATIVE DEFENSES**

**NOW COME** Defendants, **CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH**, by and through their attorneys, **PLUNKETT COONEY**, and hereby assert the following Affirmative Defenses in the above-entitled cause of action:

    1.    Plaintiffs have failed to state a claim upon which relief can be granted.

    2.    Plaintiffs may have failed to mitigate their damages.  Defendants reserve the right to conduct discovery on this issue.

    3.     The proximate cause of any and all alleged damages suffered by the Plaintiffs was the result of the voluntary misconduct of the Plaintiffs.

4. Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitation and/or Laches

5. To the extent that Plaintiffs assert a state law claim, the City is entitled to governmental immunity pursuant to M.C.L. 691.1401 *et seq.* for the reason that the City was at all times engaged in a governmental function.

6. To the extent that Plaintiffs assert a state law claim, Defendants Burtch, Smith and Fish are entitled to governmental immunity pursuant to M.C.L. 691.1401 *et seq.*

**7**. Plaintiffs have failed to state a facial challenge to the City's ordinance for the reason that Plaintiffs cannot show that the ordinance is unconstitutional in all its applications.

8. To the extent Plaintiffs are asserting a takings claim, same is not ripe for review as they have not exhausted their state law remedies and the ordinance scheme and fees do not interfere with a property right and such fees fairly and approximately are related to the cost of service or benefit provided by the City.

9. Plaintiffs' due process claims fail for the reason that no property right is implicated and the ordinance scheme and fees do not constitute an arbitrary or capricious exercise of governmental power.

10. Plaintiffs' due process claims fail for the reason that the ordinance procedures attendant to the alleged deprivation of any rights are constitutionally sufficient.

11. Plaintiffs' claims fail for the reason that the ordinance scheme does not impose any unlawful condition on the exercise of Plaintiffs' constitutional rights.

12. Plaintiffs' claims fail for the reason that Plaintiffs do not have a right to use or control their property unfettered from lawful health and safety regulations.

13. Defendants Burtch, Smith and Fish are entitled to qualified immunity as their actions were objectively reasonable given the totality of the circumstances.

14. Entry into Plaintiffs' and/or Jane Doe's residence was pursuant to a duly signed and authorized, facially valid Administrative Search Warrant and the subsequent inspection did not exceed the scope of that warrant.

15. Plaintiffs' proposed class would necessarily include uninjured class members who lack standing because they cannot show actual injury.

16. Plaintiffs lack standing to bring claims on behalf of a class with members having different factual claims associated with the ordinance scheme.

17. To the extent that Plaintiffs brings a facial challenge to the ordinance "registration scheme" or other particular provision of the ordinance, no class certification is necessary or appropriate to declare the constitutional sufficiency of either.

18. Class certification should be denied as many class members, property owners in the City, have not sustained an injury in fact.

19. Class certification should be denied as the rigorous scrutiny required to certify a class under F.R.C.P. 23 cannot be satisfied by Plaintiffs.

20. Plaintiffs' 42 U.S.C. § 1983 claim against the City of Jackson is barred for the reason that there has been no official policy, custom or practice alleged in the Complaint and Plaintiffs' claims are deficient.

21. Plaintiffs have failed to plead a valid deliberate indifference claim pursuant to the Fourteenth Amendment of the United States Constitution, for the reason that the City had sufficient policies and procedures in place ensuring the City was not deliberately indifferent towards Plaintiffs' constitutional rights.

22. The force utilized was reasonable under the totality of the circumstances.

23. Plaintiffs' claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

24. The proximate cause of any and all injuries suffered by Plaintiffs was the result of Plaintiffs' own contributory and/or comparative negligence and/or unlawful behavior.

25. Plaintiffs are not members of a protected class and any claim for violation of equal protection must fail.

26. Plaintiffs are not entitled to a declaratory judgment and /or equitable relief and have failed to state a claim for same as they have an adequate remedy at law and they are not likely to prevail on the merits.

27. Defendants reserve the right to amend their Affirmative Defenses.

    Respectfully submitted,

    **PLUNKETT COONEY**

    By ***/s/Audrey J. Forbush***
    AUDREY J. FORBUSH (P41744)
    Attorney for Defendants, City of Jackson, Burtch, Smith and Fish
    Plaza One Financial Center
    111 E. Court Street – Suite 1B
    Flint, MI 48502
    (810) 342-7014
    aforbush@plunkettcooney.com

Dated: November 19, 2019

## DEFENDANTS, CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH'S, DEMAND FOR TRIAL BY JURY

**NOW COME** Defendants, **CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH**, by and through their attorneys, **PLUNKETT COONEY**, and hereby demand a trial by jury in the above-entitled cause of action.

    Respectfully submitted,

    **PLUNKETT COONEY**

    By ***/s/Audrey J. Forbush***
      AUDREY J. FORBUSH  (P41744)
      Attorney for Defendants, City of Jackson, Burtch, Smith and Fish
      Plaza One Financial Center
      111 E. Court Street – Suite 1B
      Flint, MI  48502
      (810) 342-7014
      aforbush@plunkettcooney.com

Dated:  November 19, 2019

## PROOF OF SERVICE

KATHALEEN M. FORDE certifies that on the 19th day of November, 2019, she caused to be served a copy of DEFENDANTS, CITY OF JACKSON, PATRICK H. BURTCH, BETHANY M. SMITH and MARK FISH'S, ANSWER TO PLAINTIFFS' VERIFIED AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, DEMAND FOR TRIAL BY JURY and PROOF OF SERVICE, via CM/ECF electronic

filing with the United States District Court for the Eastern District of Michigan, Southern Division, which will provide notice of this electronic filing to counsel of record.

*/s/Kathaleen M. Forde*
KATHALEEN M. FORDE

Open.00560.92920.23149931-1