UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS BERKEMEIER, *et al.*,

Plaintiffs,

v.

CITY OF JACKSON, *et al.*,

Defendants.

Case No. 19-12132
Honorable Robert H. Cleland
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 34]**

---

I.     **Introduction**

Plaintiffs Francis X. Berkemeier and Janet G. Berkemeier sue the city

of Jackson and various city officials to challenge the city's rental inspection

ordinance.  ECF No. 10.  The Honorable Robert H. Cleland referred this

matter to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  ECF No. 27.

Defendants moved for summary judgment.  ECF No. 34.  When

plaintiffs filed no response nor requested an extension of time to respond,

the Court ordered them to show cause why they should be permitted to file

a late response.  ECF No. 39.  Plaintiffs responded to the order to show

1

cause by filing a motion for leave to file their combined response and cross-motion for summary judgment.  ECF No. 40; ECF No. 41.  The Court denied the motion for leave and struck their filing from the record.  ECF No. 50.

When a plaintiff fails to respond or to otherwise oppose a defendant's motion, the court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008).  Still, a defendant moving for summary judgment "bears the burden of demonstrating the absence of a genuine issue as to a material fact," and "must always bear this initial burden regardless if an adverse party fails to respond."  *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

The Court finds that defendants have met their burden of showing that summary judgment should be granted.

## I.    Background

This case stems from Jackson's ordinance that requires owners of non-owner-occupied rental properties to register their properties, submit to inspections, and comply with habitability standards.  ECF No. 34-2.  The purpose of the ordinance is to "safeguard the health, safety, and welfare of

the occupants of the dwellings and the general public." *Id.*, PageID.434, § 14-42(1).

The ordinance provides that when an inspection is necessary to enforce provisions of the code, "the chief building official, chief of police and fire official" are "authorized to conduct inspections…at a reasonable time" and "in a manner best calculated to secure compliance with this article and appropriate to the needs of the community." ECF No. 34-2, PageID.434, § 14-42(1)-(3). In an emergency, the enforcing officials have a "right to enter at any time." *Id.*, § 14-42(4). But "[i]n a nonemergency situation or where the owner or occupant of any dwelling demands a warrant for inspection of the premises," the enforcing officials "shall obtain a warrant from a court of competent jurisdiction." *Id.*, § 14-42(5).

Plaintiffs own several properties in Jackson. ECF No. 34-3, PageID.460, 463-464, 467-468. In June 2019, inspectors affixed a notice on the door of plaintiffs' rental property at 514 West Biddle Street stating that an inspection would be conducted on June 17, 2019. ECF No. 34-3, PageID.496-498; ECF No. 34-5. The notice said, "Absent voluntary entry, inspectors and officer(s) from the Jackson Police Department will enter the property under authority of an ADMINISTRATIVE SEARCH WARRANT to conduct the required Inspection. If necessary, entry will be gained through

3

execution of the warrant."  ECF No. 34-5, PageID.574.  The notice included

a phone number for plaintiffs to call if they had questions.  *Id.*

As warned, an assistant city attorney and two police officers arrived

on June 17 to execute an administrative search warrant that was signed by

a magistrate.  ECF No. 34-3, PageID.505; ECF No. 34-6, PageID.576.

Plaintiffs denied consent for the inspection, so the officers forced entry and

completed the inspection.  ECF No. 34-3, PageID.507-508.

Plaintiffs assert in their amended complaint that the inspection

ordinance is facially invalid because it violates due process and their rights

against unconstitutional searches and seizures.  ECF No. 10.


## II.    ANALYSIS

### A.

"The Court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's

function at the summary judgment stage "is not to weigh the evidence and

determine the truth of the matter but to determine whether there is a

genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Defendants argue that plaintiffs' Fourth and Fifth Amendment, individual liability, specific enforcement, and relief claims fail. ECF No. 34. The Court agrees and recommends that summary judgment of the claims against defendants should be granted.

## B.

Plaintiffs assert a facial challenge to Jackson's routine inspection ordinance. "A facial challenge to a law's constitutionality is an effort to invalidate the law in each of its applications, to take the law off the books completely." *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013) (citation and quotation marks omitted). To succeed on a facial attack, plaintiffs must establish that the city's inspection scheme is invalid under all

5

circumstances.  *Id*.; *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 691 (6th Cir. 2014).  Plaintiffs' facial attack fails and they in fact have no Article III standing to assert it.

Warrantless inspections of rental properties implicate the Fourth Amendment.  *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523 (1967).  A municipality must have a "warrant procedure [that] is designed to guarantee that a decision to search private property is justified by a reasonable governmental interest."  *Id*. at 539.  Without a warrant, "the subject of administrative searches must be afforded an opportunity to obtain pre-compliance review before a neutral decisionmaker."  *City of Los Angeles, Calif. v. Patel*, 576 U.S. 409, 420 (2015); *see also Halpern 2012, LLC v. City of Ctr. Line*, 404 F. Supp. 3d 1109, 1121 (E.D. Mich. 2019), *aff'd sub nom*. *Halpern 2012, LLC v. City of Ctr. Line, Michigan*, 806 F. App'x 390 (6th Cir. 2020) (holding that an ordinance violated the Fourth Amendment because it did not provide for any pre-compliance review and inspections were performed without a warrant).  But when "a warrant justifies an officer's search, the subject of the search must permit it to proceed."  *Patel*, 576 U.S. at 418-19; *see also Inv. Realty Servs., LLC v. City of Allen Park*, No. 18-11476, 2020 WL 230272, at *6 (E.D. Mich. Jan. 15, 2020) (same).

6

Plaintiffs claim that Jackson's ordinance violates Fourth Amendment guarantees of the right to privacy and the right to be free from unreasonable searches and seizures.  ECF No. 10, PageID.130, ¶ 47.  But Jackson's ordinance complies with the Fourth Amendment by requiring enforcing agents to "obtain a warrant from a court of competent jurisdiction" before entering property without the owner's consent.  ECF No. 34-2, PageID.434, § 14-42(5); *Patel*, 576 U.S. 409, 419-21.  The enforcing officers here complied with the ordinance by obtaining a warrant signed by a magistrate.  ECF No. 34-6, PageID.576.

Plaintiffs complain that Jackson's ordinance allows *ex parte* warrants and "provides no mechanism for owners to challenge the inspection of their property, petition a neutral decisionmaker, and assert other of their rights to any type of precompliance review before the inspection takes place."  ECF No. 1, PageID.116-117.  But the Fourth Amendment permits officers to conduct inspections, even surprise ones, when they are armed with an *ex parte* warrant.  *Patel*, 576 U.S. at 427 ("[N]othing in our decision today precludes an officer from conducting a surprise inspection by obtaining an *ex parte* warrant.").  And when officers have a warrant for an inspection, the property owner must "permit it to proceed."  *Id*. at 418-19.

7

Because the Jackson officers acted under a warrant and Jackson's ordinance has a warrant requirement, plaintiffs have no Fourth Amendment injury—actual or impending—to satisfy the Article III standing requirement. *Vonderhaar v. Vill. of Evendale, Ohio*, 906 F.3d 397, 401 (6th Cir. 2018) (holding that plaintiffs lacked standing when they suffered no actual injury and the village's warrant requirement precluded any "certainly impending" risk that the village would conduct a warrantless search).  Plaintiffs lack standing to sustain their facial attack on Jackson's ordinance.

### C.

Plaintiffs also rely on the Fifth Amendment to challenge Jackson's ordinance.  They allege that the ordinance "violates constitutional guarantees of the fifth amendment right to procedural due process, that is the rights to notice and an opportunity to be heard."  ECF No. 10, PageID.132, ¶ 52.  Defendants argue that plaintiffs' Fifth Amendment claim fails because textual protection for warrantless searches exists under the Fourth Amendment.  ECF No. 34, PageID.420.  The Court agrees with defendants.

Due process "protects only against state action that is not otherwise proscribed in the plain text of other constitutional amendments."  *MS Rentals, LLC v. City of Detroit*, 362 F. Supp. 3d 404, 414 (E.D. Mich. 2019)*.*

8

The Fourth Amendment proscribes unreasonable searches, so plaintiffs' "more general claim of substantive due process is not available." *Id.* Even if the Fifth Amendment applied, plaintiffs do not specify any deficiencies in the process here, and Jackson complied with the notice and search warrant processes provided under its ordinance. ECF No. 34-3, PageID.496; ECF No. 34-5, PageID.574.

Defendants have met their burden by showing no genuine issue of material fact exists as to the validity of the ordinance.

**D.**

Plaintiffs' remaining counts are also untenable. They assert that the Jackson police officers who executed the warrant are individually liable for acting "violently and with excessive force, objectively unreasonably, with evil intent, or with reckless or callous disregard or indifference to the constitutional rights of Plaintiffs." ECF No. 10, PageID.134, ¶ 57. The portion of this count addressing the officers' intent lacks merit because "subjective intent plays no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996).

Plaintiffs have identified no independent federal causes of action for the counts titled "Specific Enforcement of City's Charter Provision 10.1 – Right to Initiative," "Equitable Relief," and "Demand for Judgment and

Prayer for Specific Relief."  ECF No. 10, PageID.136-137, ¶¶ 63-69.  These

counts appear to depend on the plaintiffs' meritless constitutional claims,

meaning that they also fail.

### III.    Conclusion

The Court **RECOMMENDS** that defendants' motion for summary

judgment, ECF No. 34, be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 20, 2021


### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2021.

s/Marlena Williams____<br>
MARLENA WILLIAMS<br>
Case Manager