UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANCIS X. BERKEMEIER
and JANET G. BERKEMEIER,

    Plaintiffs,

v.                                                                    Case No. 19-cv-12132

CITY OF JACKSON, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RE-HEARING, RECONSIDERATION, AND CORRECTED JUDGMENT**

Plaintiffs Francis X. Berkemeier and Janet G. Berkemeier filed suit to challenge the constitutionality of a 2012 municipal ordinance requiring the registration of non-owner-occupied residential properties and permitting periodic building inspections. (ECF No. 10.) In its September 22, 2022 opinion, the court found the allegedly suspect Non-Owner-Occupied Residential Property Registration ("NOORPR") Ordinance to be facially constitutional and constitutional as applied to Plaintiffs' property located at 514 West Biddle Street. (ECF No. 58, PageID.894–900.) Now pending before the court is Plaintiffs' "Motion for Re-Hearing, Reconsideration, and Corrected Judgment," brought under Federal Rules of Civil Procedure 59(e), 60(a), 60(b)(1), and 60(b)(6), as well as Local Rules 7.1(h)(1) and 59.1. (ECF No. 60.) Specifically, Plaintiffs ask for the court "to reconsider, rehear, and otherwise review and correct" its September 22nd decision (ECF No. 58) granting summary judgment to Defendants such that the Biddle Street property is deemed wholly exempt from the NOORPR Ordinance. (ECF No. 60,

PageID.905–06.) Resolving to adjudicate the motion without a hearing, the court ordered Defendants to file a response. (ECF No. 61.) They complied on November 7, 2022. (ECF No. 62.) For the reasons below, the court will deny Plaintiffs' motion.

## I. STANDARD

### A. Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend the judgment within 28 days. FED. R. CIV. P. 59(e). "A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case or raise arguments that could, and should, have been made before a judgment issues. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

### B. Rule 60

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). "The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an 'error[ ] of substantive judgment.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). "Stated differently, a court properly acts under Rule 60(a)

2

when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *Id.* at 440–41 (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir.1987)).

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment. FED. R. CIV. P. 60(b). A party moving for relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Here, Plaintiffs invoke subsections (1) and (6) of Rule 60(b), which provide for relief from judgment under the following circumstances:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(6)   any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1) and (6). More specifically, under Rule 60(b)(1), Plaintiffs must demonstrate: (1) the existence of mistake, inadvertence, surprise, or excusable neglect and (2) that, if the order were set aside, they could mount a meritorious claim. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). Rule 60(b)(6) vests the courts with the equitable powers "to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. U.S.*, 335 U.S. 601, 614–15 (1949). This "catch-all" provision is reserved for "extraordinary circumstances" where the moving party is faultless. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

### III. DISCUSSION

Plaintiffs argue that their 514 Biddle Street property "is, as a pure matter of fact and law, wholly exempt from the subject City of Jackson ordinance regulating so-called non-owner occupied properties." (ECF No. 60, PageID.910.) They further assert that the

3

court's decision otherwise "simply and plainly just got it wrong." (Id.) As support, Plaintiffs make two general arguments. First, Plaintiffs rely on the definition of "owner" found at City of Jackson Code of Ordinances Chapter 14 § 14-26(b)(2), which they construe as encompassing the agent of an owner.[1] (Id. at PageID.910–11.) Plaintiffs assert that David Iuni "was at all times the indisputable and undisputed agent [] of the owners, Francis and Janet Berkemeier." (Id. at PageID.910.) They further contend that, because "a property occupied by an agent of the owner is *per se* deemed a property owned by the owner himself or herself," it was clear error for the court to deem 514 Biddle Street non-owner occupied under City of Jackson Code of Ordinances Chapter 14 § 14-3. (Id. at PageID.910–11, 914–15.) Essentially, Plaintiffs argue that § 14-26(b)(2) is the governing authority here because § 14-3 "does not control or relate in any way to an occupant who is an agent of the owner." (Id. at PageID.914.) They assert that, "[s]omehow, this Court was misled or mistaken into concluding § 14[-]3(6) was the controlling provision when instead it was plainly § 14-26(b)(2)," further contending that "there can be no proper basis or justification to leave such a fundamental error uncorrected, and to do so would most certainly result in [the] most unwarranted egregious and manifest injustice." (Id. at PageID.915, 916.)

Second, Plaintiffs argue that Defendants are precluded altogether from litigating whether 514 Biddle Street is a non-owner-occupied property because Defendant City of Jackson's Administrative Hearings Bureau already adjudicated that issue in Plaintiffs' favor. (ECF No. 60, PageID.911–14, 916–17.) Plaintiffs assert that they moved to

---

[1] Though there is no (b)(2), a definition of "owner" is part of § 14.26, available at https://library.municode.com/mi/jackson/codes/codes_of_ordinances/336643 (last visited May 30, 2023).

4

dismiss Defendant City of Jackson's NOORPR Ordinance violation claim against them in a 2014 case—*City of Jackson v Francis and Janet G. Berkemeier*, 14-184-HI—on grounds that the property qualified for the alleged agent-occupied exemption. (Id. at PageID.911–12.) Per Plaintiffs, Defendant City of Jackson "essentially was forced to agree with the Berkemeiers that it simply lacked jurisdiction over the Biddle Property" and "actually ended up filing its own companion motion for voluntary dismissal." (Id. at PageID.912–13.) They further represent that, "[t]hereupon, the Administrative Law Judge dismissed the claim against [the] Berkemeiers under the subject ordinance on the merits with prejudice and with finality on December 11, 2014 by consent of all concerned." (Id. at PageID.913.) As such, Plaintiffs argue that Defendant City of Jackson "is, and should be, conclusively adjudicated as barred from making any assertions contrary to this well-established prior adjudication on the merits of the very same issue controlling the [instant] action." (Id.) They further contend that, due to Defendants' failure to disclose the 2014 litigation, "this Court would have [Defendants] wrongfully benefit from such malfeasance if it lets these mistakes and material irregularities stand uncorrected." (Id.)

Additionally, in a footnote at the end of their motion, Plaintiffs argue that the court "plainly erred in concluding that the administrative search warrant at issue was validly issued and that it was supported by a sworn declaration on probable cause." (ECF No. 60, PageID.918.) They assert that the court assumed the warrant's validity despite there being contested facts and without independent evidence reflecting that Defendant Inspector John O'Connor's report was in fact attached to the affidavit of Defendant Inspector Mark Fish. (Id.) Plaintiffs further attack the administrative search warrant's

5

compliance with Mich. Comp. Laws § 125.027, which mandates that such warrants specifically reference the statute, contending that "as a simple matter of established fact, the City of Jackson['s] warrants for administrative searches under the ordinance lack such necessary language." (Id.)

In response, Defendants focus on the showings required to succeed on a motion under Rule 60 only, arguing that Plaintiffs have not met their burden under Rule 60(a), Rule 60(b)(1), or Rule 60(b)(6). (ECF No. 62.) With respect to Rule 60(a), Defendants assert that Plaintiff's reliance on the rule is "inexplicable," as their motion never identifies a "mechanical error." (Id. at PageID.939–40.) With respect to Rule 60(b), Defendants contend that Plaintiffs are re-arguing already defeated claims, thereby improperly employing Rule 60(b) as a substitute for an appeal. (Id. at PageID.941–42.) More substantively, Defendants argue that § 14-26 is inapplicable because it is contained within Article II of the City of Jackson Housing Ordinance entitled "Minimum Housing Standards" whereas Article I, the Non-Owner Occupied Residential Property Registry section relevant to Plaintiffs' suit at bar, contains its own definition for "owner." (Id. at PageID.942.) Defendants also challenge Plaintiffs' preclusion argument, highlighting that Plaintiffs failed to furnish supporting evidence of the administrative proceeding dismissal. (Id. at PageID.942–43.) Even if an order of dismissal does exist, Defendants argue that an order granting a voluntary dismissal, for which Defendants allegedly moved per Plaintiffs, is not a final judgment entitled to preclusive effect. (Id. at PageID.943–44.) They thus conclude that Rule 60's heavy burden has not been met.

The court finds problematic Plaintiffs' lack of specificity as to the provision of the Federal Rules of Civil Procedure upon which they rely. Plaintiffs invoke Rules 59(e),

60(a), 60(b)(1), and 60(b)(6) in commencing their motion, yet reference only Rule 59(e) in their supporting brief. (ECF No. 60, PageID.905, 914.) Nonetheless, neither Rule 59(e) nor Rule 60 permit a litigant to rehash failed arguments or to rescue his/her failed positions by introducing entirely new arguments. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *Muhammad v. Orta*, 19 Fed. App'x 370, 371 (6th Cir. 2001). Each of Plaintiffs' arguments here are of this ilk.

Before presenting their first argument, Plaintiffs had not previously raised the issue of an exemption under the NOORPR Ordinance, supported by Mr. Iuni's alleged § 14-26 agent capacity. Rather, the exemption argument raised by Plaintiffs throughout the litigation with respect to 514 West Biddle Street concerned their life estate in the property under § 14-5, an argument this court rejected. (ECF No. 58, PageID.899–900.) It is unavailing for Plaintiffs to now bring a revised exemption argument. *Thurman v. Yellow Freight Sys.*, 97 F.3d 833, 835 (6th Cir. 1996); *Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984). Further, Plaintiffs neglect to address their failure to raise their agent-exemption argument previously under § 14-26. Rather, they attack the court, alleging that it "entirely missed this point and thereby mistakenly relied on, and applied, an inapposite part of the ordinance to justify dismissal of Plaintiffs' claims as to the Biddle Property." (ECF No. 60, PageID.914.) This characterization is revisionist and substantively flawed.[2]

---

[2] Indeed, Plaintiffs failed to adequately support their argument that the search of the Biddle Street property was improper because did not meet the definition of a "non-owner occupied residential dwelling" under the NOORPR Ordinance. (ECF No. 58, PageID.899–900.) This failure prompted the court to address exactly why the Biddle Street property did fall under the ordinance due its independent reading of § 14-3(6) of Chapter 14 of the City of Jackson Code of Ordinances. (Id.)

Chapter 14 of the City of Jackson Code of Ordinances reflects that the Code is divided into several articles. *See* City of Jackson Code of Ordinances ch. 14 (2018). The first two are relevant to the motion at bar. Article I concerns the "Non-Owner Occupied Residential Property Registry" and contains a specific definition of "owner" in § 14-3, which does not include a reference to an "agent." *Id.* Article II concerns "Minimum Housing Standards." It also contains a specific definition of "owner" in § 14-26, which includes an "agent." *Id.* But the context of these sections is important. While both generally pertain to housing, the Articles themselves address separate concerns and purposes, as evinced by the note at the beginning of both § 14-3 and § 14-26 indicating that the words, terms, and phrases are specific to "*this* article," that is, the specific article in which the definition section is found. *Id.* (emphasis added). Therefore, as argued by Defendants, Plaintiffs' reliance on § 14-26 is misplaced because only Article I is implicated by Plaintiffs' lawsuit. Thus, even assuming Plaintiffs were not procedurally barred from bringing their revised exemption argument, the court did not err in finding that the NOORPR Ordinance applies to 514 West Biddle Street.

Plaintiffs' second argument regarding preclusion suffers from the same procedural problem as their first. Though generally referencing the alleged 2014 administrative hearing in their amended complaint (ECF No. 10, PageID.127–29), Plaintiffs have at no point in these proceedings until now raised the issue of preclusion as a basis for relief. *Thurman*, 97 F.3d at 835; *Am. Meat Inst.*, 724 F.2d at 47. Regardless, the only evidence Plaintiffs have mustered in support of a preclusion argument is a "Motion to Dismiss" allegedly filed in the administrative action. (ECF No. 60, PageID.920–29.) However, the document itself is incomplete and bears no indicia

8

that it was in fact filed with Defendant City of Jackson's Administrative Hearings Bureau.[3] (Id.) Even if the court were to accept the alleged motion at face value, it still is not proof that an Administrative Law Judge adjudicated the matter in the way Plaintiffs allege. At this stage in the proceedings, especially in light of the untimeliness of this argument, the court finds that Plaintiffs have failed to demonstrate a manifest error of fact or law in the court's prior opinion based on this record. FED. R. CIV. P. 59(e). And they certainly have failed to prove by clear and convincing evidence that the court committed a legal error and/or that extraordinary circumstances exist to now deem 514 West Biddle Street exempt from the NOORPR Ordinance. FED. R. CIV. P. 60(b)(1), (6).

Finally, as to Plaintiffs' footnote argument, the court finds that Plaintiffs are attempting to relitigate an issue already decided against them. (*See* ECF No. 54, PageID.817.) The court previously found that more than sufficient evidence justified an inference of probable cause required for a property inspection after reviewing the administrative search warrant and application authorizing the search of the Biddle Street property in this case. (ECF No. 58, PageID.898–99.) More importantly, Plaintiffs did not raise an objection to the Magistrate Judge's Report and Recommendation (ECF No. 50) on this point. As such, Plaintiffs are again procedurally barred from bringing this argument, *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[3] The motion is missing page 4 and does not include referenced exhibits.

## IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion for Re-Hearing, Reconsideration, and Corrected Judgment" (ECF No. 60) is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  June 13, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 13, 2023, by electronic and/or ordinary mail.

s/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(810)292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\19-12132.BERKEMEIER.MotionForReliefFromJudgment.EKL.RHC.docx